UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JESSE JONES,

               Plaintiff,                     Case No. 1:14-cv-1021

v.                                                 Honorable Robert Holmes Bell

WENDY BRINKLEY et al.,

               Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's sexual harassment claim against Defendants French and Torras. The Court will serve Plaintiff's Eighth Amendment failure to protect claim against Defendants Hulet, Zwiefka, Brinkely, Bassett, French and Torras and Plaintiff's retaliation claim against Defendants Brinkley, Hulet, Zwiefka, Torras, Bassett, Shelley, Sutter and French.

**Discussion**

I.   Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections at the G. Robert Cotton Correctional facility, although the events about which he complains took place while he was incarcerated at the Oaks Correctional Facility (ECF). Plaintiff sues the following ECF employees as defendants: Assistant Resident Unit Supervisor (ARUS) Wendy Brinkley; Prison Guards S. Hulet, (Unknown) Zwiefka, (Unknown) Shelley, and (Unknown) Sutter; and Grievance Coordinator T. Bassett. Additionally, Plaintiff sues Aramark Food Service Supervisors (Unknown) Torras and (Unknown) French. Plaintiff alleges three claims for relief: retaliation, deliberate indifference and sexual harassment.

With respect to his retaliation claim, Plaintiff alleges that Defendant Hulet retaliated against him for writing grievances by confiscating his allowable excess legal property and maliciously destroying his trial transcripts and ten legal books. Defendant Hulet then issued Plaintiff a false Class 2 misconduct for possession of stolen property. Plaintiff never received a hearing on the misconduct. Plaintiff alleges that on another occasion, also in retaliation for his grievance writing, Defendant Zwiefka confiscated his allowable clothing. Both Defendants Hulet and Zwiefka told other prisoners that Plaintiff was a "rat" for filing a grievance. (Compl., docket# 1, Page ID# 4.) Plaintiff further alleges that in retaliation for his grievance writing, Defendant Bassett issued a false Class 3 misconduct for the same violation that Defendant Hulet had falsely reported--namely that Plaintiff had excess legal property. Defendant Bassett also told other prisoners that Plaintiff was a "rat" for filing a grievance. (*Id.* at Page ID#5.) Finally, Plaintiff alleges that in retaliation for grievance writing and for Plaintiff obtaining a decision allowing him to possess excess legal

property, Defendant Brinkley maliciously conducted a second hearing on Plaintiff's allowable excess legal property. In conducting the second hearing, Defendant Brinkley stated (verbatim): "I know policy, I don't give a fuck what the SOAHR hearing officer says, you can't have the book and the warden will back me up! Rat." (*Id.*) Defendant Brinkley told other prisoners that Plaintiff was a "rat" for filing a grievance and disposed of Plaintiff's legal property. (*Id.*) As a result of Defendants Hulet, Zwiefka, Brinkley and Bassett calling Plaintiff a "rat" in front of other prisoners, Plaintiff was punched in the face by an unidentified prisoner who stated (verbatim): "Brinkley, Hulet, Bassett, Zwiefka, said that you was a 'rat.' (*Id.*; *see also id.* at Page ID#4.)

Plaintiff alleges that in retaliation for his grievance writing, Defendant Sutter lied and, as a result, he was terminated from his kitchen work assignment and he was found guilty of a misconduct. Defendant Sutter stated (verbatim): "So what if I lied when I was interviewed by Lt. Shelley, Shelley knows, he help[ed] me lie nigger, so you better sign off [on] the grievance against my friend or else." (*Id.* at Page ID#6.)

Plaintiff further alleges that Defendant Shelley stated (verbatim): "So you think it's a game? So what if I lied to find you guilty and terminated you from your work assignment. Now you better drop the grievance, this time it's your job, the next time I'll kick your ass and throw you in segregation." (*Id.*) After this statement, Defendant Shelley found Plaintiff guilty of a misconduct violation and sentenced him to 10 days loss of privileges. Plaintiff appealed and his appeal was granted 7 days into his 10-day loss of privileges.

After Defendant Shelley learned that Plaintiff had prevailed on his appeal, Defendant Shelley called Plaintiff out of his cell and conducted a second hearing on the misconduct violation, stating (verbatim): "So what if you beat the misconduct on appeal. I have the power to do what I

<023>

want and I'm finding you guilty.  The next time I'll put your ass in seg." (*Id.*)  Then, for the second time, Defendant Shelley found Plaintiff guilty of the misconduct and sentenced him to 15 days loss of privileges.  Plaintiff again appealed and again prevailed.  Plaintiff alleges that the hearing officer's decision stated that the guilty finding was reversed, no rehearing was necessary and the original hearing "had due process issues." (*Id.* at Page ID#7.)

In retaliation for Plaintiff filing a sexual harassment complaint against Defendant Torras, Defendant Torras transferred Plaintiff from his morning kitchen work assignment and maliciously denied Plaintiff a pay increase, stating (verbatim): "If you don't give me some dick I'll have you fired."  Defendant Torras promoted other prisoners with less seniority and who were unskilled for the job.  Shortly after Plaintiff's retaliatory transfer to the afternoon shift, Defendant Torras moved to the afternoon shift.  Defendant Torras flashed her prison gang tattoos and told Plaintiff that she told her prison gang members that Plaintiff was a "rat and to kill him." (*Id.*)

After being threatened by Defendant Torras, Plaintiff filed a complaint with Defendant French.  In retaliation for Plaintiff's complaining about Defendant Torras, Defendant French told Defendant Torras what Plaintiff had said and "they both tried to lure Plaintiff into the cooler, ordering him to suck their breast[s]." (*Id.*)  When Plaintiff refused their advances, Defendants Torras and French wrote a false misconduct report on Plaintiff and terminated him from his work assignment.

Plaintiff alleges that Defendants French and Torras told members of Torras' gang that Plaintiff was "gay and a rat." (*Id.*)  As a result of these statements, prison gang members have threatened and continue to threaten to rape and kill Plaintiff.

With respect to his deliberate indifference claim, Plaintiff alleges that Defendants Hulet, Zwiefka, Brinkley and Bassett maliciously exposed Plaintiff to a substantial risk of danger when they stated to the prison population that Plaintiff was a "switch [sic]," which resulted in Plaintiff being punched in the face by an unidentified prisoner who stated during the attack that: "Niemi, Brinkley, Hulet, Bassett, [and] Zwiefka said [you] were a rat." (*Id.* at Page ID#8.)

Additionally, Plaintiff alleges that Defendant French and Torras maliciously exposed Plaintiff to a substantial risk of danger when they told the prison population that Plaintiff was "gay and a rat," which resulted in prison gang members threatening to rape and kill Plaintiff. (*Id.*)

With respect to his sexual harassment claim, Plaintiff alleges that Defendants French and Torras maliciously made unwelcome sexual advances towards Plaintiff and when he refused to comply with their demands they wrote a false misconduct and terminated from his work assignment.

As relief, Plaintiff seeks compensatory and punitive damages.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

        A.        Eighth Amendment: Sexual Harassement

Plaintiff alleges that Defendants French and Torras made unwelcome sexual advances and when he refused to comply with their demands, they wrote a false misconduct and terminated Plaintiff from his work assignment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The

Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted).

However, circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th

Cir. Mar. 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim). Some courts have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault);

*accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

If true, the conduct of Defendants French and Torras toward Plaintiff was reprehensible, but it does not rise to the level of an Eighth Amendment violation. Plaintiff does not allege that Defendants French or Torras ever touched him or had any form of physical contact with him. Acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment. *See Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2. Therefore, Plaintiff's allegations fail to state a claim for sexual harassment under the Eighth Amendment against Defendants French and Torras.

        B.      Eighth Amendment: Failure to Protect

Plaintiff alleges that Defendants Hulet, Zwiefka, Brinkley and Bassett maliciously exposed Plaintiff to a substantial risk of danger by stating to the prison population that Plaintiff was a snitch, which resulted in Plaintiff being punched in the face while the perpetrator stated: "Niemi, Brinkley, Hulet, Bassett, [and] Zwiefka said [you] are a rat." (Compl., docket #1, Page ID##4-5.)

Additionally, Plaintiff alleges that Defendants French and Torras maliciously exposed him to a substantial risk of danger when they stated to the prison gang population that Plaintiff was "gay and a rat," which resulted in prison gang members threatening to rape and kill Plaintiff. (*Id.* at Page ID#7.)

At this juncture, Plaintiff's allegations against Defendants Hulet, Zwiefka, Brinkley, Bassett, French and Torras warrant service of Plaintiff's Eighth Amendment claim for failure to protect.

### C. Retaliation

Plaintiff alleges that Defendants Brinkley, Hulet, Zwiefka, Torras, Bassett, Shelley, Sutter and French retaliated against him in a variety of ways. At this juncture, Plaintiff's allegations warrant service of Plaintiff's retaliation claim against these Defendants

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's sexual harassment claim against Defendants French and Torras will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve Plaintiff's Eighth Amendment failure to protect claim against Defendants Hulet, Zwiefka, Brinkley, Basset, French and Torras and Plaintiff's retaliation claim against Defendants Brinkley, Hulet, Zwiefka, Torras, Bassett, Shelley, Sutter and French.

An Order consistent with this Opinion will be entered.


Dated: December 4, 2014              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE