UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

| | |
|---|---|
| JESSIE E. JONES, # 260563, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN HULET, et al., )<br>)<br>Defendants. )<br>) | Case No. 1:14-cv-1021<br><br>Honorable Paul L. Maloney |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a former state prisoner[1] under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement in 2013 and 2014 at the Oaks Correctional Facility. The defendants are Corrections Officers Steven Hulet, Robert Zwiefka, Michael Shelley, and Timothy Sutter. Plaintiff alleges that all defendants retaliated against him in violation of his First Amendment rights and that defendants Hulet and Zwiefka were deliberately indifferent to the risk that plaintiff would be assaulted by another inmate in violation of his Eighth Amendment rights.[2] Plaintiff sues defendants in their individual capacities and seeks an award of damages.

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 46). Plaintiff did not file a response. For the reasons set forth herein, I

---

[1] On July 20, 2017, plaintiff was released from prison on parole. (Plf. Dep. at 6, ECF No. 47-2, PageID.487).
[2] All other claims have been dismissed. (ECF No. 5, 6, 34, 35).

recommend that defendants' motion for summary judgment be granted in part and denied in part. I recommend that the motion be granted on plaintiff's Eighth Amendment claims against Officers Hulet and Zwiefka and on his First Amendment claim against Officer Zwiefka and denied on all plaintiff's remaining claims. I recommend that the Court vacate the order that allowed plaintiff to proceed without paying the full filing fee (ECF No. 3) and that plaintiff be ordered to pay the entire remaining balance of the filing fee.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of

evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

## **Qualified Immunity**

Defendants argue that they are entitled to summary judgment on the basis of qualified immunity. "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.'" *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting

*Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *see Hermansen v. Thompson*, 678 F. App'x 321, 325 (6th Cir. 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that each defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id*. Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.' " *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th

Cir. 2016); *see Gardner v. Evans*, 811 F.3d 844, 846 (6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of

generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Stevens-Rucker v. City of Columbus, Ohio*, Nos. 17-3384/3475, __ F. App'x __, 2018 WL 3359554, at *3 (6th Cir. July 10, 2018) ("Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity."). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff was an inmate at the Oaks Correctional Facility (ECF) at all times relevant to his complaint. (Plf. Dep. at 9, ECF No. 47-2, PageID.487).

On November 8, 2013, plaintiff was charged with a minor misconduct for being in possession of a *Pocket Guide for Prisoner Rule Violations*. According to plaintiff, Officer Steven Hulet charged him with a Class II (minor misconduct)[3] for possession of stolen property/theft and he never received a hearing on that charge. It appears that the initial Class II misconduct charge was withdrawn and plaintiff was charged

---

[3] The Michigan Department of Corrections classifies Class II and III misconduct charges as minor misconducts. (ECF No. 47-9, PageID.516).

with the Class III (minor misconduct) of possession of contraband.  (*Id.* at 18, ECF No. 47-2, PageID.489; ECF No. 47-3, PageID.499; ECF No. 47-4, PageID.501-02).  On December 4, 2013, a hearing officer found plaintiff guilty of the Class III misconduct of possession of contraband.  The cover of the book had been torn where a corrections officer's name would have appeared on the *Pocket Guide for Prisoner Rule Violations* and the back page where that individual's signature would have appeared was also missing.  The hearing officer sentenced plaintiff to five days of toplock[4] and loss of privileges for fifteen days.  Plaintiff's conviction has never been overturned.  (Plf. Dep. at 22-25, ECF No. 47-2, PageID.490; ECF No. 47-5, PageID.504).

On November 8, 2013, Officer Robert Zwiefka confiscated certain clothing items.  Plaintiff received a hearing on the clothing items and they were returned to him a few days later.  Plaintiff testified that his clothes were not damaged.  He was "inconvenience[d]" by not having them available to wear.  (Plf. Dep. at 19-20, 33-34, ECF No. 47-2, PageID.489, 492-93).

Plaintiff believes that Officers Hulet and Zwiefka retaliated against him because he filed a grievance on October 31, 2013, against the quartermaster regarding towels and linens.  (*Id.* at 13 PageID.488).

On some unspecified date, on or before December 31, 2013, an unidentified prisoner punched plaintiff in the face.  In early 2014, another prisoner, named McGown, punched plaintiff in the face.  McGown claimed that he acted at the

---

[4] Toplock is cell confinement "except for showers, visits, religious services, and law library."  (Plf. Dep. at 25, ECF No. 47-2, PageID.490).

direction of other individuals, but he made no mention of Officers Hulet or Zwiefka. (Plf. Dep. at 29-30, 34-35, ECF No. 47-2, PageID.491-92, 493; ECF No. 47-7, PageID.508). Plaintiff offered no evidence that he suffered any significant physical injuries. There is no evidence that he sought medical care or made any reports to prison officials.[5] (Plf. Dep. at 30-31, ECF No. 47-2, PageID.492).

In March 2014, plaintiff received a Class II misconduct charge for stealing cookies. Plaintiff alleges that Officer Sutter lied during the administrative hearing about plaintiff stealing cookies. Officer Shelly acted as the hearing officer and twice found plaintiff guilty of the misconduct charge. Plaintiff prevailed on his appeals of Officer Shelly's decisions. (*Id.* at 10, 41-49, PageID.488, 494-96).

On September 29, 2014, plaintiff filed this lawsuit. (ECF No. 1).

## Discussion

### I. Eighth Amendment

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is a stringent standard of fault." *Mangum v. Repp*, 674 F. App'x 531, 537 (6th Cir. 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). " 'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's

---

[5] Plaintiff's belief that Officers Hulet and Zwiefka called him a "rat" stems from prisoner Dillahunt's hearsay statement claiming that he heard the unidentified prisoner who punched plaintiff in in the face state: "Niemi and staff said that Jones was a rat." (Plf. Dep. at 36-37, ECF No. 47-2, PageID.492-93; ECF No. 47-6, PageID.506).

interests or safety.' " *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  The Eighth Amendment proscribes deliberate indifference by prison officials to an unreasonable risk of injury to prison inmates.  *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  An Eighth Amendment claim contains objective and subjective components.  *See Cardinal v. Metrish*, 564 F.3d 794, 802 (6th Cir. 2009).  First, "the deprivation alleged must be, objectively, 'sufficiently serious.'  For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834.

The second requirement for a claim of deliberate indifference to the risk of assault against an inmate by a fellow inmate is that the prison official have a sufficiently culpable state of mind.  In *Farmer v. Brennan*, the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness.  511 U.S. at 839-40.  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards and excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  511 U.S. at 837; *see Cardinal v. Metrish*, 564 F.3d at 802; *see also Mangum v. Repp*, 674 F. App'x at 541.  "[T]his burden is not light; even 'an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the infliction of punishment.' " *Shade*

*v. City of Middletown*, 200 F. App'x 566, 569 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 838). The plaintiff's "burden can be met 'in the usual ways including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Smith v. Yarrow*, 78 F. App'x 529, 537 (6th Cir. 2003) (quoting *Farmer*, 511 U.S. at 842).

I find that plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on either the objective or subjective components of his Eighth Amendment claims against Officers Hulet and Zwiefka. There is no evidence that either defendant ever called plaintiff a rat or that they were aware that plaintiff was in any particular danger of being punched by other inmates. There is no evidence that plaintiff suffered any injuries during his altercations with other inmates.

## II.    First Amendment

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. "After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart a retaliation claim by showing that he or she would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th

-10-

Cir. 2007).[6]

Officers Hulet, Shelly, and Sutter argue that they are entitled to qualified immunity because it was unclear when they acted whether a minor misconduct citation was sufficient to support the adverse action element of a retaliation claim. (Defendants' Brief at 6-8, ECF No. 47, PageID.478-80). In *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018), the Sixth Circuit held that the sanctions attendant to minor misconduct charges could support the adverse action element of a retaliation claim.[7] *Id.* at 266-67. Further, the Sixth Circuit flatly rejected a claim of qualified immunity based on an argument "that there was no violation of clearly established right because our cases dealing with the false issuance of misconduct charges and not minor misconduct charges." *Id.* at 270. The Court of Appeals stated:[8]

> We think Thelen's preoccupation with MDOC's label of major and minor misconduct is misplaced. Instead of focusing on that classification, Thelen should focus on the action of retaliating by issuing a misconduct ticket and the penalties that come with being found guilty of misconduct. We have made clear that a prison officer may not undertake adverse actions in retaliation for a prisoner's exercise of his First Amendment rights. *Bell [v. Johnson]*, 308 F.3d [594,] 612 [(6th Cir. 2002)]. We have also made clear that actions comparable in seriousness to the ones at

---

[6] Whether these defendants would have taken the same actions in the absence of plaintiff's protected activity is not an issue framed for decision because defendants did not support their motion for summary judgment with affidavits or unsworn declarations under 28 U.S.C. § 1746.

[7] Defense counsel's failure bring the subsequent adverse authority of *Maben v. Thelen* to the Court's attention and move for leave to file a supplemental brief is a factor weighing against recommending summary judgment in defendants' favor based simply on the allocation of burden where defendants raise qualified immunity and the plaintiff fails to file a response. *See Johnson v. Moseley*, 790 F.3d at 653.

[8] Notably absent from the Sixth Circuit's qualified immunity analysis is the "beyond debate" standard that the Supreme Court emphasized in its decision issued the day before *Maben v. Thelen* was entered. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

> issue in this case implicate a prisoner's First Amendment rights. *Id.* . . . [W]e think that a reasonable prison officer would have been aware that issuing a misconduct ticket, even a minor misconduct ticket, in retaliation for the inmate's exercise of his First Amendment rights could give rise to constitutional liability.

887 F.3d at 270. I find that under the Sixth Circuit's decision in *Maben v. Thelen*, Officers Hulet, Shelly, and Sutter are not entitled to qualified immunity on plaintiff's retaliation claims.[9]

Plaintiff's First Amendment claim against Officer Zwiefka is based on allegations that the officer "retaliated against plaintiff for filing Grievance No. 13-11-2797-03H, by confiscating items of clothing, stealing plaintiff's belt, and stating to other prisoners that plaintiff was a rat for filing Grievance No. 13-11-2797-03H." (ECF No. 34, PageID.415) (quoting Compl. at ¶ IV, ECF No. 1, PageID.5). Plaintiff presented no evidence that Officer Zwiefka called him a rat or stole his belt. The confiscated clothing items were returned to plaintiff in a few days and they were not damaged. (Plf. Dep. at 19-20, ECF No. 47-2, PageID.489).

"[P]risoners are expected to endure more than the average citizen[.]" *Siggers-El v. Barlow*, 412 F.3d 693, 701(6th Cir. 2005). "[R]outine inconveniences of prison life do not constitute adverse action." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). The temporary deprivation plaintiff suffered was a routine inconvenience of prison life. No reasonable trier of fact could find that it was adverse action that would deter a person of ordinary firmness from engaging in protected

---

[9] Officer Hulet's invocation of the "checkmate rule" (Defs' Br. at 7, ECF No. 47, PageID.479) is unavailing. The Sixth Circuit rejected that defense in *Maben v. Thelen*. *See* 887 F.3d at 261-63.

conduct.  I find that Officer Zwiefka is entitled to summary judgment on this claim.

Officer Sutter makes a passing reference to *Briscoe v. LaHue*, 460 U.S. 325 (1982), in support of a claim to absolute immunity for testimony given against plaintiff during the administrative hearing process. (Defendants' Brief at 8, ECF No. 47, PageID.480). This case simply does not involve any question of witness immunity for testimony given during *judicial* proceedings.  See *Briscoe*, 460 U.S. at 329-34.

### III.   Filing Fee

"Plaintiff is a prolific litigant.  In light of his history of bringing lawsuits that have been dismissed on grounds that they were frivolous, malicious, or failed to state a claim on which relief could be granted, plaintiff was generally precluded under the 'three-strikes rule' of 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* as of the date he filed this lawsuit." (Mem. Op. at 1, n.1, ECF No. 34, PageID.413 (citing *Jones v. Napel*, Case No. 2:13-cv-282 (W.D. Mich. 2013)). On October 15, 2014, the Court allowed plaintiff to proceed without paying the full filing fee (ECF No. 3) based on his representations that defendants' actions had placed him in imminent danger of serious physical injury.  The absence of evidence supporting plaintiff's Eighth Amendment claims reveals that his representations to the Court that he was in imminent danger of serious physical injury were not true. Accordingly, I recommend that the October 15, 2014, order (ECF No. 3) be vacated, and that plaintiff be ordered to pay the entire remaining balance of the filing fee.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendants' motion for summary judgment (ECF No. 46) be granted in part and denied in part. I recommend that the motion be granted on plaintiff's Eighth Amendment claims against Officers Hulet and Zwiefka and on his First Amendment claim against Officer Zwiefka. I recommend that the motion be denied on all plaintiff's remaining claims. I recommend that the Court vacate the order that allowed plaintiff to proceed without paying the full filing fee (ECF No. 3) and that plaintiff be ordered to pay the entire remaining balance of the filing fee.

Dated: September 7, 2018        /s/  Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).