UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE E. JONES,

        Plaintiff,                     Hon. Paul L. Maloney

v.                               Case No. 1:14-cv-1021

S. HULET, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 55). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**, Plaintiff's remaining claims be **dismissed with prejudice**, and this matter **terminated**.

## BACKGROUND

Plaintiff, then an inmate in the custody of the Michigan Department of Corrections (MDOC), initiated this action alleging numerous violations of his constitutional rights. (ECF No. 1). Many of Plaintiff's claims were dismissed on screening and a Case Management Order was entered soon thereafter to govern resolution of Plaintiff's remaining claims. (ECF No. 5-6, 15). Many of Plaintiff's remaining claims were subsequently dismissed on both exhaustion and substantive grounds. (ECF No. 18, 22, 35, 46, 48, 50). On or about August 17, 2017, Plaintiff was released from MDOC custody. (ECF No. 45).

On October 12, 2018, the Court ordered the parties to appear on November 13, 2018, for a status conference "to explore methods of expediting the disposition of" Plaintiff's remaining claims.  (ECF No. 51).  The parties were also instructed to confer prior to the conference and submit a joint status report detailing their positions on a variety of outstanding issues.  (ECF No. 51).  Plaintiff failed to confer with Defendants or appear for the status conference.  (ECF No. 52-53).

On November 13, 2018, the undersigned issued an Order directing Plaintiff to show cause "why he should not be held in contempt of Court or otherwise sanctioned for his failure to appear and to comply with the orders of the Court."  (ECF No. 54). Plaintiff was further ordered to show cause "why this case should not be dismissed for want of prosecution and for failure to comply with the rules and orders of this Court." (ECF No. 54).  Plaintiff failed to respond to the Court's Order.  On November 30, 2018, Defendants moved for summary judgment on the ground that Plaintiff had failed to prosecute this action.  (ECF No. 55).  Plaintiff has failed to respond to Defendants' motion.

## ANALYSIS

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District

Courts." *Id.* at 629-30.   Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein.   See Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.   *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)).

Consideration of these factors compels the conclusion that dismissal with prejudice of Plaintiff's remaining claims is appropriate.   Plaintiff's refusal to participate in this action or otherwise prosecute his remaining claims is willful and evidences bad faith.   Defendants' ability to defend against Plaintiff's allegations is certainly prejudiced by Plaintiff's unwillingness to participate.   Moreover, Plaintiff was expressly warned that failure to comply with the Court's orders or otherwise participate in this action might result in the dismissal of his remaining claims.   Finally, the Court's attempts at lesser sanctions were simply ignored by Plaintiff.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants'

Motion for Summary Judgment, (ECF No. 55), be **granted**, Plaintiff's remaining claims

be **dismissed with prejudice**, and this matter **terminated**.


Dated:    January 13, 2019                    /s/   Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice.   *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).

-4-